IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK FIELDS,<br><br>               Plaintiff,<br><br>   v.<br><br>JAMES T. PLOUSIS, et al.,<br><br>               Defendants. | Civil Action<br>No. 14-1139 (AET-LHG)<br><br>**OPINION** |

APPEARANCES:

Mark Fields, Plaintiff Pro Se
#544482/986329B
New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

RECEIVED
DEC 21 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

      Before the Court is Plaintiff Mark Fields' ("Plaintiff"), civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1). Plaintiff is a state prisoner currently confined at New Jersey State Prison ("NJSP"), Trenton, New Jersey. By Order dated November 16, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Docket Entry 8). At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint shall be dismissed for seeking relief from immune defendants and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

## II. BACKGROUND

### A. Procedural History

Plaintiff filed this complaint and application for pro bono counsel on February 20, 2014. (Docket Entry 1). By Order dated March 3, 2014, the Honorable Joel A. Pisano, D.N.J., administratively terminated the complaint for failure to comply with the Prison Litigation Reform Act of 1995 (the "Act"), which establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. (Docket Entry 2). The Order further instructed Plaintiff to submit a new application to proceed *in forma pauperis* as the application submitted with the complaint did not contain a certified copy of Plaintiff's inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). (Docket Entry 2).

After more than a year elapsed with no communication from Plaintiff, Plaintiff submitted a letter on August 28, 2015 captioned "Caution: (Friendly Warning)" asking the Clerk of the Court to "direct" the District Court to consolidate his civil

2

action with his pending habeas corpus petition under 28 U.S.C. § 2254, *Fields v. New Jersey State Parole Board*, No. 13-793 (AET). (Docket Entry 3). This matter was reopened for judicial review and was subsequently reassigned to this Court on September 1, 2015. (Docket Entry 4).

By Order dated September 30, 2015, this Court administratively terminated the complaint for failure to comply with Judge Pisano's March 2014 Order. (Docket Entry 5). Plaintiff submitted a request to reopen the case, as well as an amended application to proceed *in forma pauperis*, on November 6, 2015. (Docket Entries 6 and 7). The Court granted his application to proceed *in forma pauperis* on November 16, 2015. (Docket Entry 8).

## B. Factual Background

Plaintiff brings this civil rights action against Defendants James T. Plousis, Norman Robertson, John Doe, and James MacGowan. (Docket Entry 1 at 2). Mr. Plousis is the Chairman of the New Jersey State Parole Board ("Parole Board"), and the other defendants are Parole Board officers. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

In 2006, Plaintiff was sentenced to a nine-year custodial term, with a period of parole ineligibility expiring on January

3

9, 2011. (Docket Entry 1 ¶ 1). As part of his sentence, Plaintiff would be required to complete a five-year mandatory period of supervision upon his release. (Docket Entry 1 ¶ 1). Plaintiff began this supervisory period on January 4, 2011, however, he "refused to participate in mandatory supervision, refused to acknowledge and refused to abide by the conditions of supervision governing his release . . . ." (Docket Entry 1 ¶ 4). Plaintiff was arrested seven months later on allegations he violated the terms of his supervised release by using a controlled dangerous substance, specifically heroin. (Docket Entry 1 ¶ 5). After two hearings in front of a Parole Board Hearing Officer, Carla Shabazz, Plaintiff's supervised release was revoked on November 2, 2011.[1] (Docket Entry 1 ¶¶ 6-10). The Parole Board assigned Plaintiff a twelve-month future eligibility term ("FET"). (Docket Entry 1 ¶ 10).

Defendant MacGowan conducted an initial parole consideration hearing on June 1, 2012. As part of that hearing, he reviewed Plaintiff's pre-parole reports and the reports and recommendations of Officer Shabazz. (Docket Entry 1 ¶ 12; Docket Entry 1-2 at 8-10, 22-25). He recommended Plaintiff be referred to a Parole Board panel. (Docket Entry 1-2 at 25). Plaintiff

---

[1] The circumstances of this arrest and subsequent revocation of Plaintiff's supervised release are the subject of another § 1983 complaint, *Fields v. Venable*, No. 13-7134 (D.N.J. filed Nov. 22, 2013).

4

alleges Defendant MacGowan "admitted confidential material that Plaintiff has to admit to the direct testimony of the Parole Officer testimony based upon the Hearing 9/30/2011; and admit to having a drug problem . . . before Parole Authorities eligible for release [sic]." (Docket Entry 1 ¶ 12). Plaintiff asserts Defendant MacGowan relied on inaccurate information, (Docket Entry 1 ¶ 14), and that he was partially responsible for the delay in Plaintiff's hearing, (Docket Entry 1 ¶ 15).

According to the complaint, Defendants Robertson and Doe denied Plaintiff parole and established an eighteenth-month FET on July 5, 2012, based on Defendant MacGowan's inaccurate information and the Hearing Officer's reports, none of which supported the revocation of his supervised release. (Docket Entry 1 ¶¶ 17, 19; Docket Entry 1-2 at 26-27). Plaintiff alleges Defendants Robertson and Doe did not conduct a timely hearing before his eligibility date of August 2, 2012. (Docket Entry 1 ¶ 12). He further alleges Defendant Robertson erred by not recusing himself from the review of Plaintiff's case as he had personal knowledge of the underlying facts and was biased against Plaintiff, (Docket Entry 1 ¶ 16), and that these defendants were likely responsible for the delay in his hearing. (Docket Entry 1 ¶ 15).

Plaintiff appealed these decisions, and on February 27, 2013, Defendant Plousis issued the final agency decision

5

affirming the denial of parole. (Docket Entry 1 ¶ 20; Docket Entry 1-2 at 28-30). Plaintiff asserts this decision was motivated by the desire to cover-up the violations by the other defendants. (Docket Entry 1 ¶ 20). He further alleges Defendant Plousis increased the FET to twenty months from eighteen months. (Docket Entry 1 ¶ 20; Docket Entry 1-2 at 30). He states that he was entitled to a hearing in February 2014, but it never occurred. (Docket Entry 1 ¶ 20).

Plaintiff alleges the Defendants' actions denied him of his rights under the First, Eighth, Fifth, Sixth, and Fourteenth Amendments. (Docket Entry 1 at 34). He asks for relief in the form of an order declaring the Defendants' actions to be unconstitutional. (Docket Entry 1 at 35). He also requests $5,000,000 in compensatory damages and $5,000,000 in punitive damages for the violation of his constitutional rights, and damages for mental and emotional suffering. (Docket Entry 1 at 35-36).

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

6

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking redress from a governmental entity or employee.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x

7

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

#### A. Parole Officer Immunity

The Third Circuit has ruled that "probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties," such as serving as a hearing examiner or making a decision to revoke or deny parole. *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989). Parole officers may only assert qualified immunity for actions taken in their executive and administrative capacities. *Id.* at 776.

Here, Plaintiff argues he was denied a timely hearing for release on parole by Defendants MacGowan, Doe, and Robertson, that Defendant MacGowan's referral to a Board Panel was improper, and that Doe's and Robertson's denial of parole and establishment of an eighteen-month FET was not supported by the

9

evidence. He alleges Defendant Plousis improperly denied his appeal and extended his FET.

Defendants Doe and Robertson are entitled to absolute immunity for their decision to deny Plaintiff release on parole as this is an adjudicatory act and not an executive, administrative, or investigative function. *Ibid.; Keller v. Pa. Bd. of Prob. & Parole*, 240 F. App'x 477, 480 (3d Cir. 2007) (holding parole officer entitled to absolute immunity for taking part in deciding whether inmate should be granted parole). Likewise, Defendant Plousis acted in his adjudicatory capacity when he denied Plaintiff's appeal of the Board's decision. He is entitled to absolute immunity for this act. Establishing a FET is analogous to sentencing and is thus more of a "judicial" act than an administrative or executive act. Defendant Plousis is also entitled to absolute immunity for this act.

Defendants MacGowan, Doe, and Robertson appear to have acted in their administrative functions when they scheduled Plaintiff's hearing and referred the case to the Board Panel, however. *See Williams v. Consovoy*, 333 F. Supp. 2d 297, 300 n.2 (D.N.J. 2004), *aff'd*, 453 F.3d 173 (3d Cir. 2006). They are not entitled to absolute immunity for those actions, but they may raise qualified immunity as a defense. *Wilson*, 878 F.2d at 776.

Plaintiff's claims against Defendants Doe and Robertson for denying Plaintiff parole and his claims against Defendant

10

Plousis are dismissed with prejudice. His claims against Defendants MacGowan, Doe, and Robertson relating to the scheduling of Plaintiff's hearing and referring the case to the Panel are dismissed without prejudice as they are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B. **Heck v. Humphrey**

Plaintiff's complaint may not proceed at this time as it is barred by *Heck* and its progeny. In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87; *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))).

The Third Circuit extended *Heck* to suits alleging unlawful revocation of parole because "success on the § 1983 claim would

necessarily demonstrate the invalidity of the Parole Board's decision." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Plaintiff alleges violations of the First, Eighth, Fifth, Sixth, and Fourteenth Amendments, (Docket Entry 1 at 34); however, all of Plaintiff's arguments are essentially challenges to the propriety of the Defendants' decisions to deny him release on parole and the procedures by which they arrived at their decisions. Although he asserts he is not seeking release from custody, he does ask the Court to issue a declaratory order stating that his continued custody is unconstitutional. (Docket Entry 1 ¶ 20). Judgment in favor of Plaintiff under any theory would therefore necessarily imply the invalidity of the Board's decisions. Plaintiff's challenges to the Parole Board's denial of parole and the procedures it used to arrive at its determination are therefore barred unless and until its decision is rendered invalid. *See Butler v. Pa. Bd. of Prob. & Parole*, 613 F. App'x 119, 123-24 (3d Cir. 2015) (challenge to timeliness of hearing *Heck*-barred if Plaintiff asserts subsequent custody imposed by Board must be invalid).

Plaintiff has not submitted any facts suggesting that the Board's decisions have been overturned; indeed the record indicates the New Jersey Superior Court Appellate Division dismissed his appeal. (Docket Entry 1-2 at 33). This indicates

12

that his "convictions" have not been invalidated, therefore *Heck* and *Williams* apply.

As Plaintiff's § 1983 matter cannot proceed at this time, the complaint must be dismissed for failure to state a claim. Plaintiff shall not be given leave to amend his complaint at this time as Plaintiff is also presently pursuing habeas relief from the Parole Board's decision in this Court. *Fields v. Warden N.J. State Prison*, No. 15-8471 (D.N.J. filed Dec. 7, 2015); *Fields v. N.J. State Parole Bd.*, No. 13-7693 (D.N.J. filed Dec. 19, 2013).[3] In the event the Court grants the requested habeas relief, Plaintiff will have two years from that date to file a new § 1983 complaint.[4] *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013) ("If a plaintiff seeks damages attributable to an unconstitutional conviction or sentence, a § 1983 cause of action does not accrue until the conviction or sentence has been invalidated or terminated favorably, whether by direct appeal or some other means.").

---

[3] By Order dated December 7, 2015, this Court severed Plaintiff's habeas petition into two proceedings. *Fields*, No. 13-7693 (D.N.J. Dec. 7, 2015) (order).
[4] Plaintiff may not raise claims in his new complaint that this Court has dismissed with prejudice.

13

### C. Motion to Consolidate

Plaintiff asks this Court to consolidate this civil matter with his pending habeas petitions, *Fields v. Warden N.J. State Prison*, No. 15-8471 (D.N.J. filed Dec. 7, 2015), and *Fields v. N.J. State Parole Bd.*, No. 13-7693 (D.N.J. filed Dec. 19, 2013). (Docket Entry 3). As this complaint is being dismissed, and Plaintiff cannot pursue § 1983 relief unless and until his habeas petition has been granted or the Parole Board's decision has been invalid by some other means, the Court finds that it is not in the interests of justice to consolidate the cases. Petitioner's motion to consolidate is denied.

### D. Motion for the Appointment of Counsel

Plaintiff has also asked this Court to appoint him pro bono counsel. (Docket Entry 1-4). As the complaint is being dismissed, Plaintiff's motion is denied.

### V. CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants Doe and Robertson for denying Plaintiff parole are dismissed with prejudice. His claims against Defendant Plousis are dismissed with prejudice in their entirety. His claims against Defendants MacGowan, Doe, and Robertson relating to the scheduling of Plaintiff's hearing and referring the case to the Panel are dismissed for failure to state a claim upon which relief may be granted at this time, 28 U.S.C. §

14

1915(e)(2)(B)(ii). Plaintiff's motion to consolidate and for the appointment of counsel are denied. An appropriate order follows.

12-18-15
Date

*/s/ Anne E. Thompson*
ANNE E. THOMPSON
U.S. District Judge

15